UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MORNING STAR BAPTIST CHURCH OF VINTON LOUISIANA**  :  **CASE NO. 2:22-CV-01196**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**CHURCH MUTUAL INSURANCE CO**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 25) filed by Defendant, Church Mutual Insurance Company ("Church Mutual"). Church Mutual moves for a ruling from this Court that no coverage exists under the insurance policy it issued for water damages to Plaintiff's facility caused by flooding water, or water that is not the result of the building sustaining damage to its roof or walls caused by a covered loss.

## FACTUAL STATEMENT

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana allegedly causing damage to Plaintiff's, Morning Star Baptist Church of Vinton, Louisiana ("Morning Star") property. During the relevant time period, Church Mutual issued a policy of insurance. The Policy of insurance provides coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations Page caused by or resulting from any Covered Cause of Loss."[1] The covered Cause of Loss is noted on the Declarations Page as "Special."[2] Special is defined as follows:

    **A. COVERED CAUSES OF LOSS**

        1. When Special is shown in the Declarations Page, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

---

[1] Defendant's exhibit A.
[2] *Id.*

      a. Excluded in Paragraph B, Exclusions or

      b. Limited in Paragraph C., Limitations;

that follows:

***

B. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

1. We will not pay for loss of or damage to property as described and limited tot his section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

***

    c. The interior of any building or structure caused by or resulting from rain, snow, sleet, ice sand, or dust, whether driven by wind or not, unless:

    (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters; or. . . .

***

The Policy provides for Form A 1009.1 (06-09), Water Exclusion modifies the Causes of Loss-Special Form as follows:

    (g) Water.

        (1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

        (2) Mudslide or mudflow;

        (3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment except as provided

    under G. Additional Coverage – Back Up Through Sewers and Drains.

  (4) Water under the ground surface pressing on, or flowing or seeping through;

    (a) Foundations, walls, floors or paved surfaces;
    (b) Basements, whether paved or not; or

    (c) Doors, windows or other openings; or

  (5) Waterborne material carried or otherwise moved by any of the water referred to in Paragraph 1., 3., or 4. Or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraph g. (1) through g. (5), is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reasons, to contain the water.

Form A 1009.1 (06-09) further provides in pertinent part:

**Paragraph G. Additional Coverage – Back Up Through Sewers and Drains** is replaced by the following:

Subject to all other terms and conditions of this policy, we will pay for direct physical loss or damage to Covered Property caused by back up of water or sewage through interior sewers or interior drains only if caused by an event away from the described buildings and when the damage is not caused by flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge), and which did not enter the building through foundations, wall, floors, doors, windows, cracks, roofs, or through other openings in the building.

Sewer or water damage occurring as a result of, either before or after, the excluded flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge), and entering the building through foundations, walls, floors, doors, windows, cracks, roofs, or through other openings of the building is not covered.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Church Mutual request that the Court issue a ruling that no coverage exists under the insurance policy it issued for water damages to Plaintiff's facility caused by flooding water, or water that is not the result of the building sustaining damage to its roof or walls caused by a covered loss. The Court will defer this issue to the trial of the matter. Accordingly, the Court will deny Church Mutual's motion.

**THUS DONE AND SIGNED** in Chambers on this 24th day of August, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**